[Cite as *State v. Lockard*, 2015-Ohio-4294.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2014-CA-152 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-535 |
| | : | |
| SCOTT R. LOCKARD | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 16th day of October, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

MICHAEL T. COLUMBUS, Atty. Reg. No. 0076799, 130 West 2nd Street, Suite 2103, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Scott Lockard appeals from a conviction based on his plea of guilty to two firearm-related charges. He contends that he did not enter the plea knowingly,

intelligently, and voluntarily. We agree and reverse his conviction.

## I. Background

{¶ 2} Lockard was indicted on three counts: discharge of a firearm on or near prohibited premises, in violation of R.C. 2923.162(A)(3), a third-degree felony (Count 1); improperly discharging a firearm at or into a habitation or school safety zone, in violation of R.C. 2923.161(A)(1), a second-degree felony (Count 2); improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.16(B), a fourth-degree felony (Count 3). Counts 1 and 2 are each accompanied by a three-year firearm specification.

{¶ 3} Under a plea agreement, the state dismissed Count 2 and Lockard pleaded guilty to Counts 1 and 3 and the firearm specification accompanying the first count. The trial court imposed a three-year prison term for Count 1, a one-year prison term for Count 3, and a mandatory three-year prison term for the firearm specification. The court ordered Lockard to serve the terms consecutively for a total sentence of 84 months.

{¶ 4} Lockard appealed.

## II. Analysis

{¶ 5} Lockard's first assignment of error alleges that the trial court erred by accepting his guilty plea. He contends that he did not enter it knowingly, intelligently, and voluntarily, because statements that the trial court made at the plea hearing conflict with the plea form.

{¶ 6} The plea form omits any reference to the firearm specification. The specification is not in the list of offenses, although the heading of the list's second column is "OFFENSE/SPECIFICATION." Nor is the firearm specification in the list of maximum

penalties. It would have been better if it was there too because the heading of the list's first column is "OFFENSE/SPECIFICATION." Counts 1 and 3 are in both lists, and the maximum prison terms stated for the counts are 36 months and 18 months, respectively, for a total maximum of 54 months. The additional mandatory 3 years for the specification is not listed. According to the plea form, because a prison term is not mandatory for either principle offense, the court may impose community-control sanctions. Lastly, the form states that if Lockard is sentenced to prison, he *may* be given three years of post-release control, that is, post-release control is optional.[1] The plea form is signed by the parties and also by the trial court.

{¶ 7} At the plea hearing, the trial court asked Lockard if he signed the plea form, if he went over the form with his attorney, and if he understood everything in it. Lockard answered yes to each question. The court told Lockard that the maximum penalty for Count 1 is 36 months in prison and that the maximum for Count 2 is 18 months. The court also told him that the firearm specification carries a mandatory 3-year prison term that he must serve consecutive to any other term. As to post-release control, the trial court told Lockard that because a prison sentence is mandatory he would be subject to mandatory post-release control. The court then explained the constitutional rights that Lockard would be giving up by pleading guilty and asked Lockard if he still wanted to plead guilty.

{¶ 8} The trial court's statements at the plea hearing are correct as to Lockard's nonconstitutional rights. But the court never reconciled those statements with the multiple

---

[1] The form states that three years of post-release control is optional when a prison sentence is imposed "for a third-degree felony that does not involve causing or threatening physical harm or a fourth or fifth-degree felony." The period of post-release control is mandatory, says the form, if the third-degree felony "involved causing or threatening physical harm."

errors in the plea form. Lockard contends that the unreconciled conflict prevented him from understanding that he was subject to a mandatory prison sentence, subject to mandatory consecutive terms, ineligible for community control, and subject to mandatory post-release control.

{¶ 9} "A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. For this reason, a guilty plea is invalid unless it is made knowingly, intelligently, and voluntarily. *Id.* "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." (Citations omitted.) *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). Under Crim.R. 11(C)(2), a trial judge may not accept a guilty plea without addressing the defendant personally and (1) "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing," (2) making sure that the defendant understands the effect of the plea of guilty, and that, after accepting the plea, the court may immediately proceed with judgment and sentence, and (3) making sure that the defendant understands that by pleading guilty the defendant is waiving certain constitutional rights. Civ.R. 11(C)(2)(a) through (c).

{¶ 10} If the trial judge imperfectly explains the nonconstitutional rights, "such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Clark* at ¶ 31.[2] "Under this standard, a slight

---

[2] Strict compliance is required with the constitutional rights mentioned in Crim.R.

deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *Nero* at 108. If the trial judge does not substantially comply with Crim.R. 11 as to a nonconstitutional right, a reviewing court "must determine whether the trial court *partially* complied ['e.g., by mentioning mandatory postrelease control without explaining it'] or *failed* to comply with the rule." (Emphasis sic.) (Citation omitted.) *Id.* at ¶ 32.

{¶ 11} We have held that if a trial court fails to reconcile its correct oral statement on the length of post-release control with an incorrect statement on post-release control in a plea form, the trial court only partially complies with Crim.R. 11. *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 23.[3] Here, though, the trial court failed to reconcile conflicts as to more than just post-release control. Because the plea form does not list the firearm specification, the form is inaccurate with respect to the offenses and specifications to which Lockard pleaded guilty, the maximum possible total penalty, and that a prison sentence is mandatory. We note that the 84-month total prison sentence actually imposed on Lockard is longer than the 54-month total maximum possible indicated by the form. The plea form also incorrectly suggests that Lockard could

---

11(C)(2)(c). *See Clark* at ¶ 31.

[3] At the plea hearing in *Brown*, the trial court correctly told the defendant that post-release control could be five years, not three years like the plea form said. "The plea form used by the trial court is not mandated by Crim.R. 11 or the statutes governing post-release control. While the error contained on the form cannot be ignored, we believe that the trial court's correct oral explanation of the five-year period of post-release control during the plea colloquy makes this situation one of partial compliance with Crim.R. 11 with regard to a nonconstitutional right rather than one of complete failure to comply with Crim.R. 11 regarding that right." *Brown* at ¶ 23.

be sentenced to community control.

{¶ 12} We conclude that the accumulation of the material errors in the plea form and the trial court's failure to reconcile these errors at the plea hearing constituted a failure to comply with Crim.R. 11. Fewer inconsistencies or less significant discrepancies might result in partial or substantial compliance. But by not reconciling the multiple conflicts about material aspects of the plea, the trial court failed to ensure that Lockard understood his nonconstitutional rights. Therefore Lockard did not enter his guilty plea knowingly, intelligently, and voluntarily.

{¶ 13} The first assignment of error is sustained.

{¶ 14} The second assignment of error alleges that Lockard was denied the effective assistance of counsel because counsel failed to address the errors in the plea form, and the third assignment of error alleges that the sentence imposed by the trial court is unlawful. Both of these assignments of error are overruled as moot.

### III. Conclusion

{¶ 15} Lockard did not enter his guilty plea knowingly, intelligently, and voluntarily. Therefore the plea is invalid. The judgment of conviction is reversed. This case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

Ryan A. Saunders
Michael T. Columbus
Hon. Douglas M. Rastatter