**[Cite as *State v. Rohr*, 2021-Ohio-2948.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | Appellate Case No. 2021-CA-4 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2019-CR-88 |
| v. | : | |
| | : | (Criminal Appeal from |
| CAITLYNN M. ROHR | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of August, 2021.

. . . . . . . . . . .

ANTHONY E. KENDELL, Atty. Reg. No. 0067242, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
　　　Attorney for Plaintiff-Appellee

JAMES A. ANZELMO, Atty. Reg. No. 0068229, 446 Howland Drive, Gahanna, Ohio 43230
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Caitlynn M. Rohr appeals from the trial court's revocation of her community control and its imposition of a 24-month prison sentence followed by a period of mandatory post-release control.

{¶ 2} Rohr advances two assignments of error. First, she challenges the trial court's imposition of a 24-month prison term as an abuse of discretion. Second, she claims the trial court erred in imposing mandatory rather than discretionary post-release control.

{¶ 3} The record reflects that Rohr was charged with one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony. The charge involved Rohr's entering the victims' home, where she previously had been a house guest, and stealing jewelry, a firearm, and a game system. Rohr entered the home without permission using a borrowed key that she had not returned. She pled guilty to the charge, and the trial court imposed two years of community control sanctions on April 16, 2020. Thereafter, on February 13, 2021, Rohr was charged with violating several conditions of community control. The violations included failing to make payments toward court costs and restitution, having urine in a lotion bottle in her possession when appearing for a drug test, failing a drug screen and testing positive for multiple drugs, failing to complete an assessment for drug court, and failing to complete a mental-health assessment. Rohr admitted all of the violations. The trial court accepted the admissions during a February 8, 2021 hearing. It revoked community control and imposed a 24-month prison sentence with three years of mandatory post-release control. This appeal followed.

{¶ 4} In her first assignment of error, Rohr contends the trial court abused its

discretion by sentencing her to 24 months in prison. She argues that the trial court was not permitted to incarcerate her for non-payment of court costs and restitution. Rohr also argues that she had obtained employment at the time of the revocation hearing and that she had made appointments for drug court and mental-health assessments. Although she admits failing a drug test, she stresses that she was seeking an assessment to address her substance-abuse issues. Finally, Rohr claims she was undergoing treatment for mental-health issues even though she had not completed a mental-health assessment. She argues that, under these circumstances, the trial court abused its discretion by sentencing her to prison rather than imposing a less-restrictive sanction such as extending community control.

{¶ 5} Upon review, we find Rohr's first assignment of error to be without merit. We review a trial court's decision to revoke community control for an abuse of discretion. *State v. Monroe*, 2d Dist. Clark No. 2018-CA-124, 2020-Ohio-597, ¶ 13. Conversely, when reviewing a prison sentence imposed upon a community control revocation we previously have followed *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, and have examined the record to determine whether the sentence is clearly and convincingly unsupported by the record or contrary to law. *Monroe* at ¶ 46. But the Ohio Supreme Court recently clarified that when a sentence does not require the findings specified by R.C. 2953.08(G)(2), an appellate court may not vacate or modify it on the basis that the factors in R.C. 2929.11 and R.C. 2929.12 are unsupported by the record. *See State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28-29, 39, 42.

{¶ 6} "As a result of the Supreme Court's holding in *Jones*, when reviewing felony

sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio 8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 7} Here the trial court did not abuse its discretion in deciding to revoke Rohr's community control. In support of its decision, the trial court focused on the fact that Rohr had been given an opportunity to avoid prison and utterly had failed to take advantage of it. Addressing Rohr, the trial court stated:

Being that this is a Community Control violation hearing, I went back to review my notes from Sentencing, and what strikes me is that, yes you keep messing up. But your mess ups are extreme. And we had significant trouble even getting you into court. You failed to show for your Sentencing, we had trouble finding you, there was stories about where you were in treatment, you really needed the help, you wanted the help, you needed to stay away from people, and the victim was present in Court who was emotional because you violated their trust as a family friend. They allowed you to stay in their home because you needed help. You allowed a drug dealer into the home, where they stole their weapon and some other property and as indicated, that weapon was on the street, in the drug

system, that will not be found.

So I clearly remember these facts because you were eighteen (18), and I clearly remember knowing you needed help and the comments during that hearing where this was a really close call. Should you go to prison, or should you be given a chance for treatment and help? And I went out on a limb and gave you that chance. And the thing is, you've repeatedly had chances. So these last ten days, I don't believe that really is what did it, to change your mind.

I have from the last sentencing hearing you went to treatment in Toledo. You relapsed. You were in treatment in Mississippi, then you went to Tennessee. When you were here for court the first time, you went out of state to treatment, and then when we called to verify everything, the treatment facility said against their advice, you walked out with a known drug person.

So I don't know how many times you need treatment. And to say you need to go away from the problem, you were states away, and you still walked out of treatment with the drug friend. I wouldn't call him a friend, but—a drug acquaintance. So I'm not sure what else the Court can do. You were given an amazing chance when this happened. And to all credit of the victim, despite how much they suffered, they said, "We need her to get the help she needs." They went out on a limb for you, and you failed at every step of the way.

And not to mention, it wasn't just another positive urine screen this

time. You were deceptive. You came in, you had a lotion bottle with urine in it. When you were caught, you said, "Well, I have urine because I need to take a pregnancy test for a friend." Then you fessed up that there was no pregnancy test involved; you purchased this urine for Ten Dollars ($10.00), and you're not just positive for one drug, it's a whole list of drugs. It's sad that you're this young and in this situation. But the Court has given you opportunity, and you had the opportunity in at least three (3) prior treatment facilities. And when you go back to the Presentence Investigation Report, it does go [sic] indicate there was juvenile history and that there was a lot of non-compliance.

My notes indicate you started drinking and using Marijuana at the age of twelve (12); started using Cocaine daily at the age of sixteen (16). We had a lot of problems just verifying whether you graduated or not. We were able to verify that. There's several probation violations from Juvenile Court, which are clearly relevant given your age here. So it's been non-compliance since the day you came into this Courtroom.

So with that, the Court does revoke your Community Control * * *.

(Transcript at 8-10.)

{¶ 8} The foregoing explanation fully supports the trial court's decision to revoke community control rather than continuing Rohr on it. The trial court's revocation decision was based on a sound reasoning process and was not an abuse of discretion.

{¶ 9} As we have indicated, we do not review the imposed sentence for an abuse of discretion. Rohr's 24-month prison sentence was within the statutory range for her

offense. The trial court also noted in its February 10, 2021 revocation and sentencing entry that it had considered the purposes of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. We note too that Rohr previously had been advised in connection with her original sentencing that she faced a potential 24-month prison term if she violated community control. Therefore, Rohr's prison sentence was not contrary to law, and we see no grounds for modifying or vacating it. The record fully supports the sentence.[1] Accordingly, the first assignment of error is overruled.

{¶ 10} In her second assignment of error, Rohr challenges the trial court's imposition of mandatory post-release control. She argues that post-release control was discretionary rather than mandatory because burglary in violation of R.C. 2911.12(A)(3) is not an "offense of violence."

{¶ 11} Rohr is mistaken. The offense of burglary in violation of R.C. 2911.12(A)(3) is an offense of violence. *See* R.C. 2901.01(A)(9)(a) (defining "offense of violence" to include a violation "of division (A)(1), (2), or (3) of section 2911.12"). That being so, a period of post-release control was mandatory. *See* R.C. 2967.28(B)(3) (recognizing that post-release control is mandatory for a third-degree felony offense of violence that is not a felony sex offense). The second assignment of error is overruled.

{¶ 12} The judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

---

[1] Contrary to the suggestion in Rohr's appellate brief, it is clear that the trial court did not decide to revoke community control and impose a prison term because she failed to make payments toward court costs and restitution. The trial court's remarks focused on more serious issues such as her repeated drug relapses and her failure to take advantage of prior opportunities to address her drug problem.

DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Anthony E. Kendell
James A. Anzelmo
Hon. Stacy M. Wall