[Cite as *State v. Smith*, 2022-Ohio-1346.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-26 |
| | : | |
| v. | : | Trial Court Case Nos. 2017-CR-218 and |
| | : | 2021-CR-95 |
| TABITHA ASHLEY SMITH | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of April, 2022.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198 and ELIZABETH HANNING SMITH, Atty. Reg. No. 0076701, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorneys for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 46½ North Sandusky Street, Delaware, Ohio 43015
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Tabitha Ashley Smith appeals from her conviction following a guilty plea to one count of aggravated drug possession, a fifth-degree felony, and one count of possession of drug-abuse instruments, a first-degree misdemeanor. She also appeals from the trial court's revocation of community control and imposition of a prison term in a prior aggravated drug-possession and felony child-endangering case.

{¶ 2} Smith's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. We notified Smith of the *Anders* filing and gave her an opportunity to submit her own brief. She did not file a pro se brief.

{¶ 3} Smith's appellate counsel has considered various issues, concluding that they lack arguable merit. Based on our independent review of the record, we agree with counsel's assessment. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Smith pled guilty to one count of aggravated drug possession and one count of child endangering in Champaign C.P. No. 2017-CR-218. She was sentenced to community control sanctions.

{¶ 5} While on community control, Smith engaged in conduct resulting in a negotiated guilty plea to charges of aggravated drug possession and possession of drug-abuse instruments in Champaign C.P. No. 2021-CR-95. She admitted that the conduct underlying these charges violated seven conditions of community control in the earlier case.

{¶ 6} After Smith's admission to violating the conditions of community control in Case No. 2017-CR-218, the trial court revoked community control and imposed two consecutive sentences totaling 28 months in prison. It also ordered Smith to pay a $250 fine and court costs and informed her that upon her release from prison she could be on post release control for three years in that case.

{¶ 7} Following Smith's guilty plea in Case No. 2021-CR-95, the trial court imposed a 12-month prison sentence for aggravated drug possession and a six-month jail term for possession of drug-abuse instruments. It also informed Smith of the possibility of discretionary post-release control in Case No. 2021-CR-95 and ordered Smith to pay court costs but no fine.

{¶ 8} The trial court ordered the two sentences in Case No. 2021-CR-95 to be served concurrently with each other and concurrently with the aggregate 28-month term in Case No. 2017-CR-218. The result was a total sentence of 28 months for both cases with the possibility of three years of discretionary post-release control. This appeal followed.

## II. Analysis

{¶ 9} Under *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we must conduct an independent review to determine whether Smith's appeal is wholly frivolous. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist.

Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ **10**} In the present case, the *Anders* brief identifies the following issues that Smith's appellate counsel considered: (1) the trial court's acceptance of the guilty plea; (2) ineffective assistance of counsel due to a violation of counsel's obligation to be free from conflict; (3) the validity of Smith's admission to violating community control, revocation of community control, and imposition of a prison term following revocation; and (4) other sentencing issues. Appellate counsel sees no non-frivolous argument with regard to any of these issues. We agree with counsel's assessment.

{¶ **11**} In Case No. 2021-CR-95, Smith pled guilty to two counts in exchange for the dismissal of other charges. The trial court conducted a thorough plea hearing in full compliance with Crim.R. 11(C)(2)(a), (b), and (c), and Smith entered her guilty plea knowingly, intelligently, and voluntarily. The trial court also properly accepted her admission to violating the terms of community control in Case No. 2017-CR-218. Smith's admission to the community-control violations was part of the plea agreement. Her admission was made knowingly, intelligently, and voluntarily. Although Crim.R. 11 did not directly apply to Smith's admission to the violations (*see State v. Wooten*, 2d Dist. Champaign No. 2019-CA-8, 2020-Ohio-49, ¶ 24-27), the trial court conducted a thorough colloquy and asked her questions akin to a Crim.R. 11 plea hearing.

{¶ **12**} The issue regarding ineffective assistance of counsel concerns Smith's trial

counsel's acknowledgement that he may have prosecuted a children-services case against her two or more years earlier. Neither Smith nor her trial counsel recalled him having done so, but the possibility had been brought to counsel's attention. In any event, Smith expressly waived any objection to a possible conflict. Therefore, we see no non-frivolous issue.

{¶ 13} With regard to the revocation of community control and the imposition of a prison term in Case No. 2017-CR-218, we likewise see no issue for appeal. A trial court's revocation decision is reviewed for an abuse of discretion. *State v. Rohr*, 2d Dist. Miami No. 2021-CA-4, 2021-Ohio-2948, ¶ 5. Here Smith pled guilty to felony drug possession and felony child endangering and was placed on community control in January 2018. She had committed those offenses while on probation in another court for child endangering. In November 2018, she received a violation notice due to a positive drug test and other infractions. Smith admitted the violations, and the trial court continued her on community control. As it had done during the original sentencing, the trial court reiterated a warning that it would impose consecutive prison terms totaling 28 months if community control were revoked. The trial court issued the same warning yet again when it extended the duration of her community control supervision in December 2020. Thereafter, Smith received notice of the violations at issue in May 2021. Following her admission to the violations and before revocation and sentencing, Smith committed two additional violations in June 2021 by using methamphetamine and failing to report to her supervisor. In light of this history, we see no non-frivolous issue regarding the trial court's decision to revoke community control and to impose a prison term in Case No. 2017-CR-218.

{¶ 14} As for possible sentencing arguments, we again agree with appointed appellate counsel's assessment that no potentially meritorious issues exist. Appellate review is governed by R.C. 2953.08(G)(2). Under that statute, we may vacate or modify a sentence only if the record does not support findings under certain enumerated statutes or if the sentence is contrary to law. Here the only applicable statute referenced in R.C. 2953.08(G)(2) was R.C. 2929.14(C)(4), which governs the imposition of consecutive sentences. When ordering the two sentences in Case No. 2017-CR-218 to be served consecutively, the trial court made all of the required findings and properly incorporated them into its judgment entry. We see no non-frivolous issue as to whether the record clearly and convincingly fails to support the consecutive-sentence findings. We note too that Smith's sentences in Case No. 2017-CR-218 were consistent with what the trial court repeatedly had advised her it would impose upon revocation.

{¶ 15} In addition, Smith's sentences in the two cases are not contrary to law because they fall within the statutory range for her offenses, and the trial court explicitly considered the principles and purposes of sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. We note too that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. Moreover, Smith's sentences are consistent with the parties' negotiated plea agreement, she benefitted from the imposition of partially concurrent sentences, and the trial court properly informed her of the possibility of post-release

control.

{¶ 16} Finally, in satisfaction of our obligation under *Anders*, we independently have examined the record, including the plea and sentencing transcript and presentence-investigation reports, and have found no non-frivolous issues for appeal. In addition to the issues discussed above, we note that the trial court was not required to impose community control for Smith's fifth-degree-felony aggravated drug possession conviction in Case No. 2021-CR-95 because she had a prior felony conviction and committed the offense while on community control. *State v. Reid*, 2d Dist. Montgomery No. 29121, 2021-Ohio-3948, ¶ 22-23.

{¶ 17} We do note the existence of one misstatement by the trial court in its judgment entry. In its June 28, 2021 entry, the trial court correctly stated that Smith had pled guilty to counts two and four in Case No. 2021-CR-95. It then stated that counts two and four were dismissed with prejudice. June 28, 2021 Journal Entry at 3. The trial court promptly corrected its misstatement in a follow-up entry, noting that counts one and three were dismissed with prejudice. June 30, 2021 Journal Entry of Correction at 1.

{¶ 18} We also considered the possibility of an error in the imposition of post-release control. During the plea hearing, the trial court advised Smith that she faced discretionary post-release control of up to three years in both cases. May 27, 2021 Tr. at 15. Thereafter, at the sentencing hearing, the trial court told Smith that she faced discretionary post-release control of up to three years in Case No. 2017-CR-218 and up to *two years* in Case No. 2021-CR-95. June 28, 2021 Tr. at 39, 43. It its judgment entry, the trial court then stated that Smith was subject to a single, three-year period of

discretionary post-release control. June 28, 2021 Journal Entry at 7.

{¶ 19} At the time of Smith's June 28, 2021 sentencing, the proper term of post-release control for both of her cases was three years of discretionary post-release control under former R.C. 2967.28(C). Effective September 30, 2021, the General Assembly reduced the applicable term, making it up to two years of discretionary post-release control. But this change to R.C. 2967.28(C) did not apply to Smith because she was sentenced prior to the amendment's effective date.

{¶ 20} The trial court correctly advised Smith at the plea hearing that she faced up to three years of discretionary post-release control in both cases. The trial court appears to have misspoken at the sentencing hearing when it told her she faced discretionary post release control of up to three years in one case and up to two years in the other case. In its judgment entry, however, the trial court correctly imposed a single, three-year term of discretionary post-release control. Smith could not have been prejudiced by the trial court's misstatement at sentencing about her being subject to a two-year term in one case and a three-year term in the other case. Under the version of R.C. 2967.28 in effect at the time of Smith's sentencing, "the period of post-release control for all of the sentences shall be the period of post-release control that expires last[.]" Former R.C. 2967.28(F)(4)(c); *see also* current R.C. 2967.28(G)(1) ("If an offender * * * is simultaneously subject to two periods of post-release control, the period of supervision that expires last shall determine the length and form of supervision for all the periods and the related sentences."). Because any supposed two-year term and a three-year term effectively would merge into a single, three-year term, the trial court's explanation at

sentencing was non-prejudicial. We note too that the trial court correctly imposed a single, three-year term of post-release control. We see no non-frivolous issue for appeal.

### III. Conclusion

**{¶ 21}** The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.

Copies sent to:

Kevin S. Talebi
Elizabeth Hanning Smith
April F. Campbell
Hon. Nick A. Selvaggio