[Cite as *State v. Smith*, 2025-Ohio-990.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30246 |
| | : | |
| v. | : | Trial Court Case No. 2024 CR 01062 |
| | : | |
| WILLIAM C. SMITH, II | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 21, 2025

. . . . . . . . . . .

JOHNNA M. SHIA, Attorney for Appellant

MATHIAS H. HECK, JR., by TRISTAN D. DIEGEL, Attorney for Appellee

. . . . . . . . . . . .

HANSEMAN, J.

{¶ 1} Appellant, William C. Smith, II, appeals from his conviction for domestic violence and from his designation as a violent offender after he entered guilty pleas to single counts of domestic violence, kidnapping, and felonious assault. In support of his appeal, Smith contends that his guilty plea to domestic violence should be vacated

because the plea form he reviewed and signed before entering his plea did not set forth the correct term of post-release control for that offense. Smith also contends that his status as a violent offender should be vacated because the trial court failed to give certain statutorily-required advisements that pertained to his duty to enroll in the violent offender database. The State agrees that the trial court failed to give the statutorily-required advisements in question and concedes error in that regard. The State, however, does not agree that the misinformation in the plea form necessitates vacating Smith's guilty plea to domestic violence.

{¶ 2} Because the post-release-control error in the plea form did not result in any prejudice to Smith, Smith's guilty plea to domestic violence will not be vacated. Because the trial court failed to give statutorily-required advisements pertaining to Smith's duty to enroll in the violent offender database, the portion of the trial court's judgment pertaining to that duty will be reversed and the matter will be remanded for the trial court to comply with the statutory requirements. Therefore, the judgment of the trial court will be affirmed in part, reversed in part, and remanded for further proceedings.

**Facts and Course of Proceedings**

{¶ 3} On April 22, 2024, a Montgomery County grand jury returned a nine-count indictment charging Smith with four counts of kidnapping and single counts of rape, aggravated robbery, domestic violence, abduction, and felonious assault with a repeat-violent-offender specification. After engaging in plea negotiations, Smith agreed to enter guilty pleas to one count of kidnapping, a felony of the first degree; one count of felonious

assault, a felony of the second degree; and one count of domestic violence, a felony of the third degree. In exchange for Smith's guilty pleas, the State agreed to dismiss the remaining six counts in the indictment, as well as the repeat-violent-offender specification. The parties also agreed to a mandatory minimum sentence of ten years in prison.

{¶ 4} At Smith's plea hearing, the trial court engaged Smith in a plea colloquy during which the trial court explained, among other things, the maximum possible penalty that Smith could receive if he were to plead guilty to the offenses in question. In doing so, the trial court advised Smith of the range of prison terms that it could impose for each offense and the applicable terms of post-release control. The trial court advised Smith that he would be required to serve post-release control for a period of two years up to five years for the kidnapping count, 18 months up to three years for the felonious assault count, and one year up to three years for the domestic violence count. The trial court also advised Smith that all three terms of post-release control were mandatory and would be served concurrently to one another. When the trial court asked Smith whether he understood the foregoing post-release-control advisements, Smith answered affirmatively.

{¶ 5} Toward the end of the plea hearing, the trial court presented Smith with a plea form that Smith had reviewed with his attorney. Smith signed the plea form and returned it to the court. Thereafter, Smith entered guilty pleas to kidnapping, felonious assault, and domestic violence. The trial court accepted Smith's guilty pleas and scheduled the matter for a sentencing hearing. At the sentencing hearing, the trial court imposed an aggregate term of a minimum of 10 years to a maximum of 15 years in prison.

The trial court also imposed post-release control in the manner discussed at the plea hearing. In addition, the trial court notified Smith that, due to his kidnapping offense, he would be required to enroll in the violent offender database for a period of ten years. Following that notification, the trial court advised Smith of the enrollment procedure.

{¶ 6} Smith now appeals from his domestic violence conviction and the requirement that he register as a violent offender. In doing so, Smith has raised two assignments of error for this court's review.

**First Assignment of Error**

{¶ 7} Under his first assignment of error, Smith argues that his guilty plea to third-degree-felony domestic violence should be vacated because the plea form did not set forth the correct term of post-release control for that offense. The parties do not dispute, and we agree, that the plea form incorrectly cited Smith's term of post-release control for domestic violence. Specifically, the plea form indicated that Smith was subject to non-mandatory post-release control for up to two years, when he was actually subject to mandatory post-release control for one year up to three years. *See* R.C. 2967.28(B)(4). According to Smith, this misinformation prevented him from entering a knowing, intelligent, and voluntary guilty plea to domestic violence and warrants vacating the plea.

{¶ 8} "If a defendant's plea is not knowing, intelligent, and voluntary, it 'has been obtained in violation of due process and is void.' " *State v. Carter*, 2022-Ohio-206, ¶ 19 (2d Dist.), quoting *State v. Russell*, 2012-Ohio-6051, ¶ 7 (2d Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). "In order for a plea to be knowing, intelligent, and

voluntary, the trial court must comply with Crim.R. 11(C)." *State v. Russell*, 2011-Ohio-1738, ¶ 6 (2d Dist.), citing *State v. Greene*, 2006-Ohio-480, ¶ 8 (2d Dist.). "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 2008-Ohio-5200, ¶ 8. "By following this rule, a court ensures that the plea is knowing, intelligent, and voluntary." *State v. Cole*, 2015-Ohio-3793, ¶ 12 (2d Dist.), citing *State v. Redavide*, 2015-Ohio-3056, ¶ 12 (2d Dist.).

**{¶ 9}** In general, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 2020-Ohio-2765, ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "However, when a trial court completely fails to comply with a portion of Crim.R. 11(C) or when a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, no showing of prejudice is required." *State v. Boulware*, 2024-Ohio-1388, ¶ 15, citing *Dangler* at ¶14-15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *Nero* at 108.

**{¶ 10}** As relevant to this case, Crim.R. 11(C)(2)(a) requires the trial court to explain, among other things, "the maximum penalty involved[.]" The maximum penalty " 'includes any mandatory post-release control sanction[.]' " *State v. Riddle*, 2017-Ohio-1199, ¶ 12, quoting *State v. Jones*, 2013-Ohio-119, ¶ 7 (2d Dist.). " 'Thus if the defendant will be subject to a period of post-release control, to comply with Crim.R. 11 the court must inform the defendant of post-release control.' " *Id.*, quoting *Jones* at ¶ 7.

{¶ 11} As previously discussed, Smith contends that his guilty plea to domestic violence should be vacated because the plea form incorrectly cited his term of post-release control for that offense. Although the plea form did incorrectly indicate that Smith's domestic violence offense carried a non-mandatory term of post-release control for up to two years, the trial court did not provide the same misinformation during Smith's plea hearing. The transcript of the plea hearing establishes that the trial court correctly advised Smith about post-release control for all of his offenses and that Smith indicated he understood that information. *See* Plea Hearing Tr., p.14.

{¶ 12} "We have held that 'if a trial court fails to reconcile its correct oral statement on the length of post-release control with an incorrect statement on post-release control in a plea form, the trial court only partially complies with Crim.R. 11.' " *State v. Hastings*, 2018-Ohio-422, ¶ 18 (2d Dist.), quoting *State v. Lockard*, 2015-Ohio-4294, ¶ 11 (2d Dist.), citing *State v. Brown*, 2012-Ohio-199, ¶ 23 (2d Dist.). "Under that circumstance, the defendant is required to demonstrate that he was prejudiced by the incorrect information in order to vacate his plea." *Id.*, citing *Brown* at ¶ 23. Therefore, in order to have his guilty plea to domestic violence vacated, Smith must demonstrate that he was prejudiced by the misinformation in the plea form. "The test for prejudice is 'whether the plea would have otherwise been made.' " *Dangler*, 2020-Ohio-2765, at ¶ 16, quoting *Nero*, 56 Ohio St.3d at 108.

{¶ 13} In this case, Smith failed to point to anything in the record indicating that he would not have entered his guilty plea to domestic violence but for the post-release-control error in the plea form. Also, even if we were to assume that Smith relied on the

misinformation in the plea form, the fact remains that, at the plea hearing, the trial court correctly advised Smith that his three post-release control terms would be served "concurrent" to one another. Plea Hearing Tr. at 14. Pursuant to R.C. 2967.28(G)(1): "If an offender . . . is simultaneously subject to two periods of post-release control, the period of supervision that expires last shall determine the length and form of supervision for all the periods and the related sentences." Therefore, "even when a defendant is sentenced to multiple prison terms, only one term of post-release control is actually served[.]" *State v. Harwell*, 2018-Ohio-1950, ¶ 26 (2d Dist.), citing *State v. Sulek*, 2010-Ohio-3919, ¶ 23 (2d Dist.). The longest term of post-release control subsumes the other terms and they effectively merge into a single term of post-release control. *See State v. Harwell*, 2020-Ohio-4845, ¶ 3 (2d Dist.); *State v. Smith*, 2022-Ohio-1346, ¶ 20 (2d Dist.).

{¶ 14} Here, Smith's kidnapping offense carried the longest term of post-release control, i.e., a mandatory term of two years up to five years. That term, therefore, subsumed the other lesser terms of post-release control that applied to Smith's domestic violence and felonious assault offenses. Because the term of post-release control for domestic violence was not the determinative post-release-control sanction, it cannot be said that Smith would not have entered his guilty plea to domestic violence but for the post-release control error in the plea form. Regardless of the error in the plea form, Smith still would have been required to serve a mandatory term of two years up to five years of post-release control for the kidnapping offense. Therefore, because the error in the plea form had no effect on the amount of post-release control that Smith was required to serve, Smith cannot establish that the error prejudiced him for purposes of vacating his guilty

plea to domestic violence.

{¶ 15} Smith's first assignment of error is overruled.

## Second Assignment of Error

{¶ 16} Under his second assignment of error, Smith argues that his status as a violent offender should be vacated because the trial court failed to give certain statutorily-required advisements under R.C. 2903.42(A)(1)(a) that pertained to his duty to enroll in the violent offender database. The State agrees with Smith and concedes error.

{¶ 17} "Senate Bill 231, known as Sierah's Law, established a statewide violent offender database, along with the legal presumption that offenders convicted of certain violent crimes must enroll in the database for a period of 10 years following their release from prison." *State v. Williams*, 2021-Ohio-1340, ¶ 128 (2d Dist.), citing R.C. 2903.41 through R.C. 2903.43. R.C. 2903.42(A)(1)(a) governs the presumption of enrollment in the violent offender database and places certain notification obligations on the trial court before sentencing the offender. The statute provides, in relevant part, the following:

(A)(1) For each person who is classified a violent offender, it is presumed that the violent offender shall be required to enroll in the violent offender database with respect to the offense that so classifies the person and shall have all violent offender database duties with respect to that offense for ten years after the offender initially enrolls in the database. The presumption is a rebuttable presumption that the violent offender may rebut as provided in division (A)(4) of this section, after filing a motion in

accordance with division (A)(2)(a) or (b) of this section, whichever is applicable. *Each violent offender shall be informed of the presumption established under this division, of the offender's right to file a motion to rebut the presumption, of the procedure and criteria for rebutting the presumption, and of the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcome, as follows:*

(a) If the person is classified a violent offender under division (A)(1) of section 2903.41 of the Revised Code, *the court that is sentencing the offender for the offense that so classifies the person shall inform the offender before sentencing of the presumption, the right, and the procedure, criteria, and possible outcome.*

(Emphasis added.) R.C. 2903.42(A)(1)(a).

{¶ 18} This court has explained that the foregoing statutory language "requires the trial court to inform the offender '*before sentencing*' of the presumption [of the offender's duty to enroll in the violent offender database], the right to file a motion to rebut the presumption, the procedure and criteria for rebutting the presumption, and the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcome." (Emphasis in original.) *State v. Wright*, 2021-Ohio-4107, ¶ 33 (2d Dist.), quoting R.C. 2903.42(A)(1)(a).

{¶ 19} In *Wright*, the trial court advised Wright of his duty to enroll in the violent offender database at his sentencing hearing and read aloud the contents of a "Notice of Duties to Enroll as a Violent Offender" form that complied with certain requirements under R.C. 2903.42(C). *Id.* at ¶ 35. The trial court, however, never provided Wright with the

notifications required under R.C. 2903.42(A)(1)(a) before sentencing. *Id.* at ¶ 36. Under those circumstances, we held that:

> Wright was never informed by the trial court of the statutory presumption that he was required to enroll in the Violent Offender Database and of his ability to file a written motion to rebut the presumption. Furthermore, Wright was not made aware of the effect of the rebuttal or the post-rebuttal hearing procedures and possible outcomes. Consequently, we agree with the parties that the portion of the trial court's judgment addressing Wright's duty to enroll in the Violent Offender Database must be reversed, and the trial court must provide Wright the notifications under R.C. 2903.42(A)(1)(a) and an opportunity to file a motion to rebut the statutory presumption that he must enroll in the Violent Offender Database.

*Id.* at ¶ 36.

{¶ 20} Notably, we did not reverse Wright's status or classification as a violent offender. The classification of a violent offender is governed by a different statute—R.C. 2903.41(A). Instead, we reversed the portion of the trial court's judgment ordering Wright to enroll in the violent offender database and remanded the matter for the trial court to provide Wright with the required notifications, an opportunity to file a motion to rebut the statutory presumption for enrollment, and for a new ruling on whether Wright was required to enroll in accordance with R.C. 2903.42. *Id.* at ¶ 37. *See also State v. Walker*, 2021-Ohio-580, ¶ 31-42 and ¶ 61 (8th Dist.) (vacating a judgment ordering defendant to enroll in the violent offender database and remanding the matter to the trial court).

{¶ 21} Upon review, we find that the present case is analogous to *Wright*. Like *Wright*, the trial court in this case provided Smith with notice of his duty to enroll in the violent offender database at his sentencing hearing, *see* Sentencing Tr., p. 25-27, but failed to give any of the notifications required under R.C. 2903.42(A)(1)(a) prior to sentencing. Accordingly, the trial court never informed Smith that there was a rebuttable statutory presumption that he was required to enroll in the violent offender database and that he had the right to file a motion to rebut the presumption. The trial court also did not make Smith aware of the rebuttal's effect or of the post-rebuttal hearing procedures and possible outcomes. Therefore, we agree with the parties and find that the trial court erred by failing to give the notifications required under R.C. 2903.42(A)(1)(a).

{¶ 22} Smith's second assignment of error is sustained.

**Conclusion**

{¶ 23} Having overruled Smith's first assignment of error and having sustained his second assignment of error, the judgment of the trial court is affirmed in part and reversed in part. The portion of the judgment pertaining to Smith's duty to enroll in the violent offender database is reversed and the matter is remanded for the trial court to provide Smith with: (1) the required notifications under R.C. 2903.42(A)(1)(a); (2) an opportunity to file a motion to rebut the presumption set forth in R.C. 2903.42(A)(1)(a); and (3) a new ruling on whether Smith is required to enroll in the violent offender database. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.