[Cite as *State v. Jenkins*, 2025-Ohio-2466.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30336 |
| Appellee | : | |
| | : | Trial Court Case No. 2022 CR 03579 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| JUVALL ANTONIO JENKINS | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 11, 2025, the judgment of the trial court is reversed with respect to appellant's enrollment in the Ohio violent offenders database and remanded for further proceedings on that issue. In all other respects, judgment affirmed.

Costs to be paid by the State.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

Tucker, J.; Lewis, J.; and Hanseman, J., concur.

For the court,

[[Applied Signature]]

ROBERT G. HANSEMAN, JUDGE

**OPINION**
MONTGOMERY C.A. No. 30336


DAVID R. MILES, Attorney for Appellant
MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee


HANSEMAN, J.

{¶ 1} Juvall Antonio Jenkins appeals from his conviction in the Montgomery County Court of Common Pleas after pleading guilty to one count of felony murder with a firearm specification. Jenkins specifically challenges the portion of the trial court's judgment that required him to enroll in Ohio's violent offender database. In support of his appeal, Jenkins contends that the trial court failed to give certain advisements required by R.C. 2903.42(A)(1)(a) at his sentencing hearing—advisements that pertain to his duty to enroll in the violent offender database. According to Jenkins, that failure warrants remanding his case to the trial court for proceedings that comply with R.C. 2903.42(A)(1)(a).

{¶ 2} The State agrees that the trial court failed to give the statutorily-required advisements in question and concedes error in that regard. The State also agrees that the matter must be remanded to the trial court for a proceeding that complies with R.C. 2903.42(A)(1)(a). Because the trial court failed to give the statutorily-required advisements under R.C. 2903.42(A)(1)(a), the portion of the trial court's judgment that pertains to Jenkins's duty to enroll in the violent offender database is reversed, and the matter is remanded for the trial court to comply with R.C. 2903.42(A)(1)(a).

## Facts and Course of Proceedings

{¶ 3} On December 10, 2024, Jenkins pled guilty to one count of felony murder in violation of R.C. 2903.02(B) with an attached firearm specification. The trial court accepted Jenkins's guilty plea and sentenced him to a total, mandatory term of 18 years to life in prison. During Jenkins's sentencing hearing, the trial court read the contents of a "Notice of Duties to Enroll as a Violent Offender" form. In doing so, the trial court advised Jenkins that he would be required to enroll in Ohio's violent offender database annually for a period of 10 years after his release from prison. The trial court also explained various aspects of the enrollment procedure. Jenkins reviewed and signed the notice form at his sentencing hearing. The trial court thereafter issued a judgment entry indicating that the court had advised Jenkins of the duties associated with his enrollment in the violent offender database.

{¶ 4} Jenkins now appeals from the portion of his sentence requiring him to enroll in the violent offender database and raises a single assignment of error for review.

## Assignment of Error

{¶ 5} Under his assignment of error, Jenkins claims that the trial court erred by ordering him to enroll in the violent offender database without giving certain advisements required by R.C. 2903.42(A)(1)(a) at his sentencing hearing. As previously discussed, the State agrees with Jenkins's claim and concedes error.

{¶ 6} "Senate Bill 231, known as Sierah's Law, established a statewide violent offender database, along with the legal presumption that offenders convicted of certain violent crimes must enroll in the database for a period of 10 years following their release from prison." *State v. Williams*, 2021-Ohio-1340, ¶ 128 (2d Dist.), citing R.C. 2903.41 through R.C. 2903.43. In this case, the parties do not dispute that, by virtue of his felony

murder conviction, Jenkins is considered a "violent offender" who is presumed to be required to enroll in the violent offender database. *See* R.C. 2903.41(A)(1)(a).

{¶ 7} R.C. 2903.42(A)(1)(a) governs the presumption of enrollment in the violent offender database and places certain notification obligations on the trial court before sentencing the offender. The statute provides, in relevant part, the following:

> (A)(1) For each person who is classified a violent offender, it is presumed that the violent offender shall be required to enroll in the violent offender database with respect to the offense that so classifies the person and shall have all violent offender database duties with respect to that offense for ten years after the offender initially enrolls in the database. The presumption is a rebuttable presumption that the violent offender may rebut as provided in division (A)(4) of this section, after filing a motion in accordance with division (A)(2)(a) or (b) of this section, whichever is applicable. *Each violent offender shall be informed of the presumption established under this division, of the offender's right to file a motion to rebut the presumption, of the procedure and criteria for rebutting the presumption, and of the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcome, as follows:*
>
> (a) If the person is classified a violent offender under division (A)(1) of section 2903.41 of the Revised Code, *the court that is sentencing the offender for the offense that so classifies the person shall inform the offender before sentencing of the presumption, the right, and the procedure, criteria, and possible outcome.*

(Emphasis added.) R.C. 2903.42(A)(1)(a).

**{¶ 8}** This court has explained that the foregoing statutory language "requires the trial court to inform the offender '*before sentencing*' of the presumption [of the offender's duty to enroll in the violent offender database], the right to file a motion to rebut the presumption, the procedure and criteria for rebutting the presumption, and the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcome." (Emphasis in original.) *State v. Wright*, 2021-Ohio-4107, ¶ 33 (2d Dist.), quoting R.C. 2903.42(A)(1)(a).

**{¶ 9}** In *Wright*, the trial court advised the defendant of his duty to enroll in the violent offender database at his sentencing hearing and read aloud the contents of a "Notice of Duties to Enroll as a Violent Offender" form that complied with certain requirements under R.C. 2903.42(C). *Id*. at ¶ 35. The trial court, however, never provided the defendant with the notifications required under R.C. 2903.42(A)(1)(a) before sentencing. *Id*. at ¶ 36. Under those circumstances, we held that:

> Wright was never informed by the trial court of the statutory presumption that he was required to enroll in the Violent Offender Database and of his ability to file a written motion to rebut the presumption. Furthermore, Wright was not made aware of the effect of the rebuttal or the post-rebuttal hearing procedures and possible outcomes. Consequently, we agree with the parties that the portion of the trial court's judgment addressing Wright's duty to enroll in the Violent Offender Database must be reversed, and the trial court must provide Wright the notifications under R.C. 2903.42(A)(1)(a) and an opportunity to file a motion to rebut the statutory presumption that he must enroll in the Violent Offender Database.

*Id*. at ¶ 36.

**{¶ 10}** As a result of the errors in *Wright*, this court reversed the portion of the trial

court's judgment that addressed Wright's duty enroll in the violent offender database and remanded the matter for the trial court to provide him with the required notifications, an opportunity to file a motion to rebut the statutory presumption for enrollment, and for a new ruling on whether he was required to enroll in accordance with R.C. 2903.42. *Id*. at ¶ 37.

{¶ 11} Recently, this court applied *Wright* in *State v. Smith*, 2025-Ohio-990 (2d Dist.). Like *Wright*, the trial court in *Smith* notified the defendant of his duty to enroll in the violent offender database at his sentencing hearing but failed to give any of the notifications required under R.C. 2903.42(A)(1)(a) prior to sentencing. *Smith* at ¶ 21. As a result, we reversed the portion of the judgment pertaining to Smith's duty to enroll in the violent offender database and remanded the matter for the trial court to provide him with: "(1) the required notifications under R.C. 2903.42(A)(1)(a); (2) an opportunity to file a motion to rebut the presumption set forth in R.C. 2903.42(A)(1)(a); and (3) a new ruling on whether Smith is required to enroll in the violent offender database." *Id*. at ¶ 23. In all other respects, we affirmed the judgment of the trial court. *Id*.

{¶ 12} Upon review, we find that the present case is analogous to *Wright* and *Smith*. Like those cases, the trial court in this case notified Jenkins of his duty to enroll in the violent offender database by reading the contents of a "Notice of Duties to Enroll as a Violent Offender" form at his sentencing hearing. *See* Sentencing Tr. (Dec. 10, 2024), p. 59-61. However, in doing so, the trial court failed to give the notifications required by R.C. 2903.42(A)(1)(a) prior to sentencing. As a result, the trial court never informed Jenkins that there was a rebuttable statutory presumption that he was required to enroll in the violent offender database and that he had the right to file a motion to rebut the presumption. The trial court also did not make Jenkins aware of the rebuttal's effect or of the post-rebuttal hearing procedures and possible outcomes. Therefore, we agree with the parties and find

that the trial court erred by failing to give the notifications required by R.C. 2903.42(A)(1)(a).

{¶ 13} Jenkins's sole assignment of error is sustained.

## Conclusion

{¶ 14} Having sustained Jenkins's assignment of error, the portion of the trial court's judgment pertaining to Jenkins's duty to enroll in the violent offender database is reversed, and the matter is remanded for the trial court to provide Jenkins with: (1) the required notifications under R.C. 2903.42(A)(1)(a); (2) an opportunity to file a motion to rebut the presumption set forth in R.C. 2903.42(A)(1)(a); and (3) a new ruling on whether Jenkins is required to enroll in the violent offender database. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.