[Cite as *State v. Konicki*, 2025-Ohio-296.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-7 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-0463 A |
| | : | |
| BRANDON KONICKI | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 31, 2025

. . . . . . . . . . .

LUCAS W. WILDER, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Brandon Konicki appeals from his convictions in the Clark County Common Pleas Court following his no contest pleas to voluntary manslaughter and robbery. In support of his appeal, Konicki asserts that his statutory right to a speedy trial under R.C. 2945.71 was violated and that the trial court erred by

failing to dismiss his case on that basis. For the following reasons, the judgment of the trial court will be affirmed.

## I. Procedural History and Facts

{¶ 2} On May 18, 2021, Konicki was indicted by a Clark County grand jury in Clark C.P. No. 2021 CR 319 on one count of aggravated murder, one count of murder (purposeful), two counts of murder (felony), one count of felonious assault, one count of aggravated robbery, one count of having weapons while under disability, and one count of tampering with evidence. The charges included firearm specifications, except for the charges of having weapons while under disability and tampering with evidence. All of the counts stemmed from allegations that on May 2, 2021, Konicki attempted to steal money from P.R. at P.R.'s home and, during the robbery, shot P.R. in the chest and killed him. Konicki was arrested on May 19, 2021. Konicki requested discovery on May 23, 2021, and a jury trial was scheduled for July 27, 2021.

{¶ 3} On July 20, 2021, Konicki was re-indicted in Clark C.P. No. 2021 CR 463A for the same offenses. The charges were the same as those originally charged in Case No. 2021 CR 319; however, a co-defendant was also charged in the second indictment. At the State's request, the trial court dismissed Case No. 2021 CR 319, without prejudice.

{¶ 4} Following a September 20, 2021 pretrial hearing in Case No. 2021 CR 463A, a jury trial was scheduled for November 9, 2021. On October 18, 2021, Konicki filed a motion requesting funds to obtain an expert for trial, which the trial court granted. Because the expert had not yet completed their work, Konicki requested a continuance of the trial, which was granted.

{¶ 5} On April 15, 2022, Konicki filed a motion to suppress. A hearing on the motion to suppress was scheduled for May 12, 2022, and a jury trial was scheduled for July 26, 2022. After the suppression hearing was held and briefing completed, but before a decision on Konicki's motion was rendered, on July 6, 2022, defense counsel filed a motion to withdraw citing a conflict of interest. A hearing was held on defense counsel's motion to withdraw, and the court granted counsel's motion on July 29, 2022, and appointed new counsel. The July 26, 2022 trial date was continued sua sponte by the trial court due to the appointment of new counsel and the inability of the new counsel to meet with Konicki to prepare for trial. A new trial date was scheduled for October 25, 2022. The trial court also overruled Konicki's motion to suppress in its entirety on July 29, 2022.

{¶ 6} On September 29, 2022, Konicki's new counsel filed several pretrial motions including motions to compel disclosure of intent to use evidence, for pretrial notice of evidence of bad acts, to compel law enforcement officials to turn over and advise the prosecuting attorney of all information acquired during the course of investigation, to require the State to divulge considerations or promises to prosecution witnesses in exchange for aid and/or testimony, for production of *Brady* material, and for exculpatory evidence. On October 13, 2022, Konicki filed a request to continue the jury trial due to the voluminous amount of evidence and the necessity of counsel to appear at the Supreme Court of Ohio on an unrelated matter. The continuance was granted, and a new trial date was scheduled for March 7, 2023.

{¶ 7} On January 24, 2023, Konicki filed a motion for the assistance of an expert

investigator. Before a ruling on the motion was made, on February 10, 2023, the newly elected judge of the Clark County Common Pleas Court filed an entry of recusal and referral for reassignment due to having been actively involved in the investigation and prosecution of Konicki's case prior to taking the bench. The administrative judge reassigned the case to Judge Rastatter. However, Judge Rastatter filed a recusal entry declining to accept the assignment due to the complexity of the case and congestion of his docket. Following a request for an appointment of a judge from the Supreme Court of Ohio, a new judge was assigned on June 15, 2023, and a status hearing was set for July 17, 2023.

{¶ 8} Meanwhile, Konicki filed a motion to dismiss for an alleged speedy trial violation on February 16, 2023. Following the July 17, 2023 status hearing with the newly appointed judge, the State was granted time to file a response to Konicki's motion to dismiss. A jury trial was then scheduled for September 26, 2023. The trial court overruled Konicki's motion to dismiss on September 19, 2023, and found that time had been tolled from the time Konicki filed his motion to dismiss until the trial court rendered its decision.

{¶ 9} On September 22, 2023, the trial court granted Konicki's January 24, 2023 motion for an appointment of an expert investigator. The entry granting Konicki's motion further reflected that, because the necessary expert had only recently been appointed, the jury trial scheduled to begin on September 26, 2023, needed to be continued. The trial court found that speedy trial time was extended, and a new trial date was set for October 24, 2023.

{¶ 10} On October 4, 2023, Konicki filed another motion to continue the jury trial due to the defense expert's need for additional time. Konicki's motion to continue was granted. and the trial was rescheduled to December 18, 2023.

{¶ 11} On December 11, 2023, Konicki filed a second motion to dismiss based on an alleged speedy trial violation. That same day, Konicki filed a motion in limine regarding evidentiary issues for the upcoming trial. On December 13, 2023, the trial court denied Konicki's second motion to dismiss.

{¶ 12} On December 18, 2023, the trial court filed an entry providing additional explanation of the speedy trial issue, particularly related to the length of time that the case was without a trial judge following the February 10, 2023 recusal. The trial court identified Judge Rastatter's crowded docket and an adjustment in administrative processes of the Ohio Supreme Court in assigning judges. The court concluded that the administrative process had been correctly followed and that the entirety of the time during which a judge was unavailable was tolled. Finally, the trial court found that Konicki's speedy trial rights had not been violated.

{¶ 13} That same day, Konicki appeared for a jury trial and orally requested another continuance. The trial court denied his request. Thereafter, Konicki entered a negotiated plea; he pled no contest to an amended count of voluntary manslaughter and a lesser-included charge of robbery. In exchange, the State agreed to dismiss the other counts and all specifications and to jointly recommend an aggregate indefinite sentence of 18 to 23½ years in prison. After finding Konicki guilty, the trial court imposed the jointly recommended sentence. Konicki filed a timely notice of appeal and now raises a single

assignment of error.

## II. Statutory Speedy Trial

{¶ 14} In his assignment of error, Konicki argues that his statutory speedy trial rights were violated. Although Konicki acknowledges that a portion of the time was tolled between his arrest and his no contest pleas, he argues that "an amount well over 90 days was not tolled or attributable to Konicki's filings." Appellant's Brief, p. 6. The State responds that there were sufficient tolling events between Konicki's arrest and his pleas to conclude that his statutory speedy trial rights were not violated. Following the submission of the State's appellate brief, Konicki filed an untimely reply brief along with a motion for leave to file an untimely reply brief. The State did not oppose Konicki's motion. To the extent Konicki raises arguments in support of his sole assignment of error, we will grant his motion for leave to file an untimely reply brief. However, to the extent he has attempted to raise a constitutional speedy trial argument that was not raised in his initial brief, we decline to consider it and deny his motion. "Appellate courts generally will not consider a new issue presented for the first time in a reply brief." *State v. Spaulding*, 2016-Ohio-8126, ¶ 179, citing *State v. Quarterman*, 2014-Ohio-4034, ¶ 18. Reply briefs are to be used only to rebut arguments raised in the appellee's brief, not to raise new assignments of error and effectively deny the appellee an opportunity to respond to an assignment of error. App.R. 16(C).

{¶ 15} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional

protection of the right to a speedy trial." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996). "Provisions setting forth time limits for bringing an accused to trial are found in R.C. 2945.71 to 2945.73." *State v. Sanchez*, 2006-Ohio-4478, ¶ 6. The speedy trial statutes must be strictly construed against the State. *Brecksville* at 57.

{¶ 16} "A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged . . . ." R.C. 2945.71(D). Generally, a person against whom a felony is charged must be brought to trial within 270 days after the person's arrest. R.C. 2945.71(C)(2). For purposes of computing speedy trial time, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as 3 days. R.C. 2945.71(E). Therefore, if a felony defendant is incarcerated the entire time preceding trial, the time limit for bringing the defendant to trial is reduced to 90 days. *State v. Dankworth*, 2007-Ohio-2588, ¶ 31 (2d Dist.).

{¶ 17} However, the time within which a defendant must be brought to trial may be temporarily stopped, or tolled, for the reasons listed in R.C. 2945.72(A) through (J). Those reasons include any period of delay "necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). To qualify as a tolling event under R.C. 2945.72(E), "all that the statute requires is that the delay be necessitated by the defendant's action." *State v. Belville*, 2022-Ohio-3879, ¶ 31.

{¶ 18} A defendant's motion to dismiss on speedy trial grounds will toll speedy trial time pursuant to R.C. 2945.72(E) during the time that elapses while the motion is pending. *State v. Bickerstaff,* 10 Ohio St.3d 62, 67 (1984). Similarly, a defendant's discovery demand "tolls speedy-trial time for a reasonable amount of time necessary to allow the state to respond to the request." *Belville* at ¶ 21. However, a precise number of days in which the State must respond to a discovery request has never been established for purposes of tolling. Instead, the Ohio Supreme Court has explained, "What is reasonable will necessarily be a case-by-case determination and depend on the totality of the circumstances. It might be influenced, for instance, by the complexity of the discovery requested, the good or bad faith of the state, or the steps the state must take to comply with the request." *Id.*

{¶ 19} Pursuant to R.C. 2945.72(H), speedy-trial time is also tolled for: "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." Therefore, "[c]ontinuances that are granted at the State's request or that are ordered sua sponte by the trial court must be reasonable to toll speedy-trial time." *State v. Sweeney*, 2024-Ohio-3425, ¶ 23 (2d Dist.), citing *State v. King*, 70 Ohio St.3d 158, 162 (1994), *State v. Knight*, 2005-Ohio-3179, ¶ 30 (2d Dist.), and *State v. Stamps*, 127 Ohio App.3d 219, 224 (1st Dist. 1998). " 'If they are not reasonable, both types of continuances must be charged against the state for speedy-trial purposes.' " *Id., quoting Stamps* at 224. "The question of whether a continuance is reasonable 'depends on the peculiar facts and circumstances of a particular case' and therefore must be reviewed on a case-by-case

basis." *Id.* at ¶ 24, quoting *State v. Saffell*, 35 Ohio St.3d 90, 91 (1988), and *State v. Najjar-Banks*, 2019-Ohio-3337, ¶ 30 (5th Dist.). Furthermore, "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6 (1982), syllabus.

{¶ 20} "Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits." *Sanchez*, 2006-Ohio-4478, at ¶ 8. "A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged." *State v. Lovett*, 2022-Ohio-1693, ¶ 20 (2d Dist.), citing *State v. Gray*, 2007-Ohio-4549, ¶ 15 (2d Dist.). "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely." *Gray* at ¶ 15, citing *State v. Price*, 122 Ohio App.3d 65, 68 (10th Dist. 1997).

{¶ 21} "Review of a speedy-trial claim involves a mixed question of law and fact." *State v. Long*, 2020-Ohio-5363, ¶ 15. "Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *Id.*, citing *State v. Barnes*, 2008-Ohio-5472, ¶ 17 (8th Dist.).

{¶ 22} Konicki was initially indicted on several serious felony charges in Case No. 2021 CR 319 and arrested on May 19, 2021. Although that case was ultimately

dismissed, Konicki was re-indicted on the same charges in Case No. 2021 CR 463A. Konicki remained in custody throughout the pendency of both cases. Because the charges in his cases arose from the same underlying facts and circumstances, the statutory speedy trial time limits applicable to the first indictment also applied to the subsequent indictment. *State v. Adams*, 43 Ohio St.3d 67, 68 (1989). Furthermore, any tolling events that occurred in the first case likewise applied to the second case. *State v. Blackburn*, 2008-Ohio-1823, ¶ 23. Because Konicki's speedy trial clock was running three-for-one, the State had 90 days to bring him to trial. The day of arrest is not counted when computing speedy trial time. Therefore, Konicki's speedy trial time began to run on May 20, 2021, the day after his arrest. *State v. Stewart*, 2006-Ohio-4164, ¶ 16 (2d Dist.). Absent any tolling events, Konicki should have been brought to trial on or before August 17, 2021. Konicki entered his no contest pleas on December 18, 2023, more than two-and-one-half years after he was arrested. The record, however, establishes that there were numerous tolling events that extended the speedy trial time.

{¶ 23} As previously discussed, Konicki's speedy trial time began to run on May 20, 2021. The first tolling event occurred on May 23, 2021, when Konicki made his first discovery request in Case No. 2021 CR 319. The State submitted an initial discovery response to Konicki on June 14, 2021, with additional discovery provided continuously thereafter. Accordingly, time was tolled from May 23, 2021, until June 14, 2021. *State v. Brown*, 2002-Ohio-7040, syllabus. On July 13, 2021, defense counsel indicated he had accidentally deleted the discovery and requested new discovery, which was provided the following day. We conclude that this additional request by defense counsel tolled

speedy trial for the one day that it took the State to re-deliver the discovery, as this delay was "necessitated" by the action of the accused. R.C. 2945.72(E). Due to tolling, only 32 days of speedy trial time had lapsed before the clock restarted on July 14, 2021.

{¶ 24} Case No. 2021 CR 319 had been scheduled for a jury trial on July 27, 2021. However, Konicki was re-indicted in Case No. 2021 CR 463A on July 20, 2021. A hearing was held on July 26, 2021, at which time the trial court instructed the parties to file written memoranda regarding the issue of time remaining in which to bring Konicki to trial.[1]

{¶ 25} On the day of the scheduled jury trial, the State filed a motion to dismiss Case No. 2021 CR 319 due to the superseding indictment, which the trial court granted. That same day, Konicki filed a "Memo Regarding Speedy Trial Time" under the new case number, arguing that speedy trial time would expire on August 17, 2021. On July 30, 2021, the State filed a memorandum stating that although Konicki had remained in custody since May 19, 2021, there were tolling events from the prior indicted case that applied to Case No. 2021 CR 463A, specifically Konicki's discovery requests. Additionally, the State advised that the State had recently received DNA reports that implicated another suspect who was indicted as Konicki's co-defendant. Furthermore, the State had not yet received an autopsy report, which it claimed was material and potentially exculpatory, and requested that time continue to be tolled until discovery could be completed.

{¶ 26} On August 18, 2021, the trial court filed an entry reflecting that an extension

---

[1] The transcript of the July 26, 2021 hearing is not in the record. However, the discussions that occurred were memorialized in the trial court's August 18, 2021 entry.

of time beyond the 90 days required to bring Konicki to trial under R.C. 2945.71 was reasonable under the circumstances. The entry stated that at the July 26, 2021 pretrial hearing, the court had inquired into whether the parties were prepared to proceed with the trial. A discussion was held regarding whether there was a necessity for a continuance of the trial beyond Konicki's 90-day speedy trial time. At that time, Konicki was unwilling to request a continuance. Considering the trial did not go forward on July 27, 2021, and the State indicated in its filing that new DNA evidence had been discovered (which was immediately turned over and resulted in the indictment of a co-defendant) and additional discovery still needed to be conducted, it can reasonably be determined that the continuance was at the request of the State. Konicki's reply brief acknowledges that the continuance was at the request of the State. The continuance was granted, and a September 20, 2021 hearing was set to schedule a new trial date. The next trial date was scheduled for November 9, 2021. Because the extension of time was granted other than upon the accused's own motion, it could only have tolled speedy trial time under R.C. 2945.72(H) if it was reasonable.

{¶ 27} The reasonableness of a continuance depends on the peculiar facts and circumstances of each case and is determined by examining its purpose and length. *Saffell*, 35 Ohio St.3d at 91; *State v. Lee*, 48 Ohio St.2d 208, 210 (1976). Due to the prior tolling events for discovery requests, the trial court's August 18, 2021 entry was filed prior to the expiration of Konicki's 90-day speedy trial deadline. Moreover, the State explained in its July 30, 2021 filing that it had recently received DNA reports that implicated another suspect, resulting in the re-indictment of Konicki and indictment of his

co-defendant one week prior to the originally scheduled trial, and that the autopsy report was not yet available. The new DNA evidence presumably was the catalyst for re-indicting Konicki with the co-defendant, which resulted in the dismissal of the original case and cancellation of the July 27, 2021 jury trial. Considering Konicki was charged with aggravated murder and other serious felony offenses, the autopsy report was relevant and material, particularly since the State identified the report as potentially exculpatory. Accordingly, we conclude that the extension of speedy trial time beyond the 90-day deadline was reasonable.

{¶ 28} We further conclude that the length of the continuance was reasonable. When granting the extension of time, the trial court ordered the parties to appear for a hearing to schedule a new trial date. At the September 20, 2021 hearing, the prosecutor informed the trial court that additional discovery had been turned over that day, including a cell phone extraction report, additional recorded interviews, and a Bureau of Criminal Investigation (BCI) report regarding the caliber of the projectile recovered from the decedent. The additional BCI ballistics report was completed as a result of a request from defense counsel a few weeks prior to the pretrial hearing. The State acknowledged that Konicki had been provided with all discovery as of that date. The prosecutor also stated that he intended to call 29 witnesses at trial, estimated he would utilize "a few hundred" exhibits, and stated there were several different reports. The discovery was later identified as including 683 photographs and between 50-100 pages of Google and cell phone data.

{¶ 29} Konicki's defense counsel acknowledged that he had received additional

discovery that day. Counsel further indicated that he did not have any pretrial motions to file at that time, but that his decision could change once he reviewed the new discovery provided to him. A trial date was then scheduled for November 9, 2021.

{¶ 30} As described in the record, the discovery was voluminous and contained multiple expert reports, including cell phone records, DNA reports, and a ballistics report generated at the request of defense counsel. Considering the large amount of discovery, the type of evidence that was produced by the State, and that Konicki's case involved a complex aggravated murder investigation with a co-defendant, we conclude that the rescheduling of the jury trial to November 9, 2021, was reasonable. "Where the trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof, such a continuance will be upheld." *State v. Myers*, 2002-Ohio-6658, ¶ 62, citing *Aurora v. Patrick*, 61 Ohio St.2d 107, 109 (1980). Consequently, we conclude that no speedy-trial time elapsed between July 26, 2021, and the rescheduled trial date of November 9, 2021. *See State v. Knott*, 2024-Ohio-2289, ¶ 32 (2d Dist.) (tolling time from State's request to continue trial until rescheduled trial date).

{¶ 31} Konicki contends that the trial court's August 18, 2021 entry was not in compliance with *Mincy*, 2 Ohio St.3d 6. We do not agree.

{¶ 32} *Mincy* set forth requirements for courts to follow when granting a sua sponte continuance. Before a sua sponte continuance may be granted pursuant to R.C. 2945.72(H), "the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." *Id.* at 9. In this case, whether the continuance was done

on behalf of the State or sua sponte by the trial court, the court complied with *Mincy*. The order was journalized prior to the expiration of Konicki's speedy trial time, and it explained the reasons for continuing the trial beyond the 90-day speedy trial limit. Accordingly, Konicki's argument is without merit.

{¶ 33} On October 18, 2021, Konicki filed a motion for expert assistance, which also constituted a tolling event. According to the State's discovery, a report detailed that Konicki's cell phone was within meters of the address where the victim was located around the time of P.R.'s death. Defense counsel argued that Konicki required assistance of an expert witness to aid in the interpretation and understanding of the data provided by Google and Konicki's cell phone. Konicki's motion was granted on October 21, 2021.

{¶ 34} Because the speedy trial time had stopped as a result of the continuance of the July jury trial, as of November 8, 2021, only 44 days of speedy trial time had been expended. Although the speedy trial time would have restarted on November 9, 2021, Konicki filed a motion to continue the trial on November 8, 2021. In support of his motion, defense counsel stated that the expert witness appointed by the court had not yet completed his work and the defense was not prepared to begin the trial on November 9, 2021.

{¶ 35} The trial court granted Konicki's November 8, 2021 motion for a continuance of the jury trial. Of importance, Konicki's motion for a continuance did not include any limitation on the amount of time sought to obtain the expert report or for a continuance of the trial date. While the record does not contain any specific reference to when defense

counsel received the sought-after expert report, counsel did not file a motion for payment of the February 4, 2022 invoice from the expert until February 8, 2022. Where a trial court must reschedule a trial because of a motion of the defendant, the entire time between the motion and the rescheduled trial date is a delay attributable to a motion filed by the defendant. *State v. Smith*, 2017-Ohio-7864, ¶ 29 (4th Dist.), citing R.C. 2945.72(E) and *State v. Phillips*, 2009-Ohio-7069, ¶ 25 (4th Dist.). Accordingly, time was tolled as of November 8, 2021, until the next scheduled jury trial: July 26, 2022. Thereafter, no further speedy trial time was expended before Konicki entered his pleas because numerous tolling events occurred. For example, even though speedy trial time was not running, as the trial had been continued at Konicki's request, Konicki filed an April 15, 2022 motion to suppress information obtained from two cell phones. A hearing on Konicki's motion to suppress was held on May 12, 2022, with written arguments filed by defense counsel on May 17, 2022, and the State on June 2, 2022. Before the trial court ruled on the motion to suppress, however, defense counsel filed a motion to withdraw on July 6, 2022. At a hearing held on July 8, 2022, defense counsel detailed that one of his colleagues in the Public Defender's office had received information from a client about Konicki's case, and that the client had met with the prosecutor, creating a conflict of interest necessitating that counsel withdraw. On July 29, 2022, the court granted defense counsel's motion to withdraw, appointed new counsel, and continued the trial that had been scheduled for July 26, 2022, as Konicki's newly appointed counsel had not had the opportunity to meet with him and prepare for trial. The court found that a reasonable extension of the time during which the case must be brought to trial was

necessary as a result of the change in counsel. The court also overruled Konicki's motion to suppress on July 29, 2022.

{¶ 36} On August 26, 2022, the trial court reset the matter for trial on October 25, 2022. The continuation of the July 26, 2022 jury trial again tolled time until the next scheduled trial date. Moreover, on September 29, 2022, Konicki's new counsel filed numerous pretrial motions, including motions to compel disclosure of intent to use evidence, for pretrial notice of evidence of prior bad acts, to compel law enforcement officials to turn over and advise prosecuting attorney of all information acquired during the course of the investigation, to require the State to divulge considerations or promises to prosecution witnesses in exchange for aid and/or testimony, for production of *Brady* material, and for exculpatory evidence. Those motions remained pending when, on October 13, 2022, Konicki filed his motion to continue the October 25, 2022 trial, citing, in part, his need for additional time to prepare for trial due to the voluminous nature of the evidence. The court continued the trial at Konicki's request until March 7, 2023, again tolling time. On January 24, 2023, Konicki filed a second motion for an expert, specifically, an expert investigator to assist in the preparation of trial.

{¶ 37} Yet another tolling event occurred on February 10, 2023. Judge Driscoll, who had replaced the original trial court judge who had retired, filed an entry of recusal and stated that, upon review of the case file, he had been actively involved in the investigation and prosecution of Konicki's case while he was employed at the Clark County Prosecutor's Office prior to taking the bench. Judge Driscoll reasonably concluded that his ethical obligations required him to recuse himself from the case. He

therefore referred the matter to the administrative judge for reassignment. The administrative judge initially reassigned the case to Judge Douglas Rastatter. However, Judge Rastatter also filed a recusal entry, citing his crowded docket, and the administrative judge then sought a visiting judge to be assigned to the case by the Chief Justice of the Ohio Supreme Court. Chief Justice Kennedy assigned Judge Jonathan Hein to preside over the case effective June 15, 2023. Thus, no judge was available to preside over the case between February 10, 2023, and June 15, 2023. Judge Hein set the matter for a status conference on July 17, 2023, and for a jury trial on September 26, 2023.

{¶ 38} "[T]he absence of any judge to preside over the matter must necessarily toll the time and falls under R.C. 2945.72(H) for any reasonable continuance." *Euclid v. Amiott*, 2024-Ohio-1583, ¶ 14 (8th Dist.), citing *Lyndhurst v. Di Fiore*, 2007-Ohio-3538, ¶ 10 (8th Dist.). "The tolling of time caused by a judge's recusal ends when a new judge is assigned." *State v. Votaw*, 2024-Ohio-5349, ¶ 32 (2d Dist.), citing *State v. Nichols*, 2013-Ohio-308, ¶ 21 (4th Dist.); *Amiott* at ¶ 15. Consequently, even if speedy trial time had been running, the trial court's February 10, 2023 recusal entry tolled Konicki's speedy trial time pursuant to R.C. 2945.72(H). Under these specific circumstances, and in the absence of an assigned trial judge, we find that the four-month tolling period caused by the recusal was reasonable.

{¶ 39} Furthermore, before a judge was designated to preside over Konicki's case, on February 16, 2023, Konicki had filed a motion to dismiss based on an alleged violation of his speedy trial rights. "A motion to dismiss under speedy trial grounds operates to

toll the statute." *Sanchez*, 2006-Ohio-4478, at ¶ 28. Following the appointment of Judge Hein to preside over the matter, the trial court overruled Konicki's motion to dismiss on statutory speedy trial grounds on September 19, 2023. In analyzing the tolling of speedy trial time, the trial court found that numerous tolling events had occurred and that the continuances granted at Konicki's request had been reasonable and appropriate. The court also found that Konicki's counsel had consented to the trial dates previously scheduled and, further, that his motion for expert assistance filed on January 24, 2023, remained pending. Thus, speedy trial time remained tolled.

{¶ 40} Three days later, on September 22, 2023, the trial court granted Konicki's outstanding motion for expert assistance. Because Konicki needed the assistance of the expert for trial, for which the motion had just been granted, the trial was vacated and continued to October 24, 2023. Even with the resolution of all pending motions, speedy trial time continued to be tolled as a result of Konicki's need for expert assistance and his counsel's acquiescence to the trial date scheduled for October 24, 2023. In addition, Konicki's counsel filed an October 4, 2023 motion for a continuance, which was granted by the trial court, and trial was continued until December 18, 2023. On December 11, 2023, Konick filed a second motion to dismiss on speedy trial grounds, along with a motion in limine related to certain evidentiary issues anticipated for the upcoming trial.

{¶ 41} On December 13, 2023, the trial court overruled Konicki's second motion to dismiss and acknowledged that the motion tolled time. On December 18, 2023, the trial court provided further findings regarding the speedy trial issue. In that decision, the court noted that 12 cases, including Konicki's, had been reassigned to Judge Rastatter

because of recusals by Judge Driscoll, including four homicide cases, which resulted in Judge Rastatter's immediately recusing himself, and no judge was available for the case. The court found that the administrative judge had followed the appropriate administrative process to ensure that the cases in which Judge Driscoll had recused himself and reassigned to Judge Rastatter, who had also recused himself, were assigned a judge. The court further found that once a judge was assigned on June 15, 2023, the assigned judge proceeded expeditiously with the case. The court concluded that it was necessary for speedy trial time to have been extended due to the lack of a trial judge to proceed with pretrial and trial matters. Finally, the trial court stated that there was no lapse of action by any judicial officer who was assigned to preside over the matter which could necessitate that certain time be charged against the State. That same day, Konicki entered his no contest pleas to voluntary manslaughter and robbery.

{¶ 42} Only 44 days of speedy trial time had expired as of the date of Konicki's no contest pleas. Therefore, we conclude the trial court did not err in overruling his motions to dismiss on statutory speedy trial grounds, and there was no violation of Konicki's statutory right to a speedy trial. Konicki's sole assignment of error is overruled.

### III. Conclusion

{¶ 43} Having overruled the assignment of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .


EPLEY, P.J. and WELBAUM, J., concur.