[Cite as *State v. Jennings*, 2025-Ohio-5548.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO

    Appellee

v.

LAQUAN JENNINGS

    Appellant

:
:
:
:
:
:
:
:
:
:
:

C.A. No. 2025-CA-8

Trial Court Case No. 24-CR-681

(Criminal Appeal from Common Pleas Court)

**FINAL JUDGMENT ENTRY & OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 12, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

CHRISTOPHER B. EPLEY, PRESIDING JUDGE

TUCKER, J., and HUFFMAN, J., concur.

**OPINION**

JEFFREY R. MCQUISTON, Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Laquan Jennings appeals from his conviction in the Clark County Court of Common Pleas following his no contest plea to having weapons while under disability, improper handling of a firearm in a motor vehicle, and failure to comply with an order or signal of a police officer. He claims that he was denied his right to speedy trial. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On March 16, 2024, Springfield police officers were dispatched to a residence on East Mulberry Street on a report that a white Chevrolet Tahoe was seen shooting at houses. Officers searched the area and located a vehicle matching that description. The officers attempted to stop the vehicle, but the Tahoe sped away through a residential neighborhood. The officers terminated the pursuit but continued to follow from a safe distance.

{¶ 3} When the Tahoe reached the intersection of Clifton Avenue and East Grand Avenue, it ran the stop sign and struck a silver sedan that had entered in the intersection. The Tahoe then hit two other sedans, one of which was pushed into another vehicle. The Tahoe ended up on the sidewalk, and the driver fled from the vehicle on foot. Officers apprehended the driver, who was identified as Jennings. Two loaded firearms were found in the Tahoe.

{¶ 4} Jennings was arrested on misdemeanor and felony charges and remained incarcerated for four days. On March 26, 2024, he was indicted for having weapons while under disability, improper handling of a firearm in a motor vehicle, and failure to comply with an order or signal of a police officer. The indictment included a forfeiture specification for the firearms recovered from the Tahoe. *State v. Jennings*, Clark C.P. No. 24 CR 0226. Following the indictment, the municipal court case (Clark M.C. No. 24 CRA 742) was dismissed, and his posted bail was transferred to the common pleas court.

{¶ 5} Jennings appeared for his arraignment and was released on bond. His appointed attorney filed a notice of appearance, which also included demands for a jury trial, for a pretrial conference, for a speedy trial, for discovery, for a bill of particulars, and for a notice of intention to use evidence. The trial court issued a scheduling order, setting a pretrial conference for May 21, 2024, and a trial for June 11, 2024. On April 25, 2024, the State provided the discovery packet, witness list, bill of particulars, and notice of intention to use evidence.

{¶ 6} Jennings retained counsel, and on May 13, 2024, new counsel entered a notice of appearance, requested a pretrial conference, and waived Jennings's statutory speedy trial rights. A week later, defense counsel requested a continuance of the trial date. The trial court granted the motion, and the jury trial was rescheduled for August 15, 2024.

{¶ 7} Jennings failed to appear for the August 15 trial. The trial court issued a capias for his arrest, and his bond was forfeited.

{¶ 8} Prior to Jennings's apprehension, the State reindicted him on the same three offenses. *State v. Jennings*, Clark C.P. No. 24 CR 0681. Count Three (failure to comply) included a new specification that Jennings had a firearm on or about his person or under his control while committing the offense. On October 16, 2024, law enforcement officers

3

arrested Jennings at his residence and took him to jail.  Two weeks later, the State asked the trial court to dismiss Case No. 24 CR 0226 and to transfer the records from that case to Case No. 24 CR 0681, the superseding case.  The court granted the motion.  Jennings remained incarcerated during the pendency of Case No. 24 CR 0681.

{¶ 9} The trial court scheduled a jury trial for January 8, 2025.  The day before trial, Jennings moved to dismiss the case on speedy trial grounds.  By Jennings's calculation, 396 speedy trial days had elapsed.  He counted 147 speedy trial days for March 26 to August 20, 2024 (the date upon which his arrest warrant was issued), and 249 speedy trial days (83 calendar days x 3) for October 17, 2024, to January 8, 2025.

{¶ 10} The State orally responded to the motion at the January 8 proceeding.  The prosecutor highlighted that Jennings had "some three-to-one time" following his initial arrest, but he "then bonded out" and later failed to appear for his August 15, 2024 trial.  The State further emphasized that Jennings was reindicted while he was absconding and that he had again fled from sheriff's deputies during that time, leading to a new case, Clark C.P. No. 24 CR 0717.  The prosecutor asserted that "when the Defendant was picked up on his warrant and held in custody, he was still at one-to-one time.  He had two charges pending, and he has not expended the entirety of his speedy trial time."  Defense counsel declined to make an oral statement in support of the motion.

{¶ 11} The trial court orally overruled Jennings's motion to dismiss.  Focusing on Jennings's absconding, the court explained that it had set an original trial date of June 11, 2024, that was continued to August 15, 2024, at Jennings's counsel's request.  The trial court emphasized that the prosecutor, defense counsel, and the jury were present for trial on August 15, but Jennings had failed to appear and two months elapsed before he was apprehended.  The trial court found that Jennings's speedy trial rights were not violated.

{¶ 12} At that juncture, Jennings did not proceed with his scheduled trial and, instead, pled no contest to the indictment in Case No. 24 CR 0681 and guilty to an additional charge of failure to comply in Case No. 24 CR 0717. The court accepted Jennings's pleas and ordered a presentence investigation. At sentencing, the trial court imposed an aggregate term of 84 months in prison with 112 days of jail-time credit for Case No. 24 CR 0681. In Case No. 24 CR 0717, the trial court imposed a 12-month prison term to run consecutively to Jennings's prison term in Case No. 24 CR 0681. The court suspended Jennings's driver's license for 15 years and ordered him to pay court costs in both cases. The two firearms recovered from the Tahoe were forfeited to the Springfield police.

{¶ 13} Jennings appeals from his judgment of conviction in Case No. 24 CR 0681, raising one assignment of error.

## II. Right to a Speedy Trial

{¶ 14} In his sole assignment of error, Jennings claims that his speedy trial rights were violated. He asserts that the State failed to meet its burden of establishing that his speedy trial time was sufficiently tolled such that he was brought to trial within 270 days.

{¶ 15} The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *State v. O'Brien*, 34 Ohio St.3d 7, 8 (1987). Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional protection of the right to a speedy trial." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996).

{¶ 16} R.C. 2945.71 designates specific time requirements for the government to bring an accused to trial. Under the statute, a felony defendant must be brought to trial within 270 days of arrest. R.C. 2945.71(C)(2). Each day the accused is held in jail in lieu of bail solely on the pending charge is counted as three days. R.C. 2945.71(E). The triple-

5

count provision does not apply when a defendant is being held in custody pursuant to other charges. *State v. Sanchez*, 2006-Ohio-4478, ¶ 7. The day of arrest is not counted when calculating a defendant's speedy trial time. *State v. Cimpaye*, 2020-Ohio-2740, ¶ 17 (2d Dist.).

{¶ 17} "When multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy trial-statute, R.C. 2945.71(E)." *State v. Parker*, 2007-Ohio-1534, paragraph one of the syllabus.

{¶ 18} The time within which a defendant must be brought to trial may be extended only for reasons specifically enumerated in R.C. 2945.72. *State v. Lovett*, 2022-Ohio-1693, ¶ 21 (2d Dist.). Those reasons include any period of delay occasioned by the neglect or improper act of the accused, any period of delay necessitated by a motion instituted by the accused, and the period of any continuance granted on the accused's own motion. R.C. 2945.72 (D), (E), (H).

{¶ 19} A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the statutory time limit for the charged offense. *Lovett* at ¶ 20. This involves little more than a count of days. *State v. Kemper*, 2025-Ohio-4481, ¶ 11 (2d Dist.). "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely." *State v. Gray*, 2007-Ohio-4549, ¶ 15 (2d Dist.). The speedy trial statutes must be strictly construed against the State. *Brecksville*, 75 Ohio St.3d at 55.

{¶ 20} When reviewing a speedy trial issue, we must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the relevant time limit set forth in R.C. 2945.71. *State v. Davis*, 2025-Ohio-1676,

¶ 14 (2d Dist.); *Sanchez*, 2006-Ohio-4478, at ¶ 8.

{¶ 21} On appeal, Jennings focuses on the adequacy of the prosecutor's oral response to his motion. He describes the response at the January 8 hearing as "perfunctory" and summarizes the State's argument as simply that he failed to appear for trial on August 15, 2024, and therefore there was no speedy trial violation. Jennings contends that the State did not satisfy its burden to establish that some exceptions applied to toll the time and to make the trial date timely in that it failed to mention tolling or to compute the number of speedy trial days that had expired.

{¶ 22} Jennings's summary of the State's argument at the plea hearing oversimplifies the prosecutor's oral statement. Regardless, the State's focus on Jennings's failure to appear for trial was sufficient for the State to meet its burden and to resolve the speedy trial question.

{¶ 23} Initially, Jennings was arrested on March 16, 2024, and his speedy trial time began to run the following day. It appears undisputed that the charges in his felony cases arose from the same underlying facts and circumstances and, therefore, the statutory speedy trial time limits applicable to the first indictment also applied to the superseding indictment. *See State v. Konicki*, 2025-Ohio-296, ¶ 22 (2d Dist.). Moreover, any tolling events that occurred in the prior case likewise applied to the second case. *Id*.

{¶ 24} In *State v. Bauer*, 61 Ohio St.2d 83 (1980), the Ohio Supreme Court articulated the effect of a defendant's failure to appear for trial on the individual's statutory speedy trial rights. In that case, the defendant was charged with grand theft, posted bond, and was released on his own recognizance. When he failed to appear for his trial, the court issued a bench warrant for his arrest. After his apprehension, Bauer was held in custody, and the

7

trial was rescheduled. Four days before trial, Bauer filed a motion for discharge under the speedy trial statute, which was denied. Bauer then pled no contest to the charged offense.

{¶ 25} On review of Bauer's speedy trial argument, the supreme court held that "a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." *Id*. at 85. The Court explained that Bauer had been afforded his statutory right to a speedy trial initially, "but through his own design he chose to shun this right and impede the prompt administration of this cause. [He] will not be permitted to enjoy the protection of these statutes, as to a time period prior to his failure to appear, when by his actions he has waived their benefits." *Id*. at 84.

{¶ 26} Similar to the defendant in *Bauer*, Jennings was released on bond and then failed to appear for his scheduled jury trial on August 15, 2024. Jennings does not claim that this trial date was untimely, and the record confirms that it was within the speedy trial deadline. Consequently, Jennings was afforded a speedy trial on August 15, 2024, and through his failure to appear, he waived his statutory speedy trial rights from the time of his initial arrest on March 16, 2024, until his reapprehension on October 16, 2024.

{¶ 27} Looking solely at the period from October 17, 2024, until January 8, 2025, Jennings agrees that 83 calendar days elapsed. Even if we were to accept Jennings's assertion that all 83 days should be triple-counted for speedy trial purposes, Jennings's January 8, 2025 trial date was still within the 270-day speedy trial deadline.

{¶ 28} We note that, effective April 4, 2023, the Ohio legislature amended R.C. 2945.73, changing the consequence of a failure to bring a felony defendant to trial within the 270-day speedy trial period. Prior to the amendment, R.C. 2945.73(B) provided:

8

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."   The discharge was a bar to any further criminal proceedings based on the same conduct.   Former R.C. 2945.73(D).

{¶ 29} R.C. 2945.73 now provides that a felony defendant who is not brought to trial within the statutory speedy trial timeframe is eligible for release from detention pending trial (as opposed to discharge).   R.C. 2945.73(C)(1).   If the expiration of speedy trial time was timely raised by motion, the defendant must be tried within 14 days after the motion was filed and served on the prosecutor.   R.C. 2945.73(C)(2).   If no motion was filed, the defendant must be brought to trial within 14 days after the trial court determines that the statutory speedy trial time limit has expired.   *Id*.   The charges must be dismissed with prejudice only if the case is not tried within the 14-day grace period.   *Id*.   The 14-day period may be extended at the defendant's request or due to the fault or misconduct of the defendant. *Id*.

{¶ 30} Even assuming, for the sake of argument, that Jennings's speedy trial time expired during the pendency of Case No. 24 CR 0681, the State had 14 days from January 7, 2025 (when his motion to dismiss on speedy trial grounds was filed and served on the prosecutor) to bring him to trial.   Jennings entered his pleas the next day, which was well within the 14-day grace period.

{¶ 31} Jennings's statutory speedy trial rights were not violated.   Accordingly, his assignment of error is overruled.

9

### III. Conclusion

**{¶ 32}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.