[Cite as *State v. Smith*, 2026-Ohio-144.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :   C.A. No. 30538 |
|     Appellee | : |
| | :   Trial Court Case No. 2024 CR 01062 |
| v. | : |
| | :   (Criminal Appeal from Common Pleas |
| WILLIAM C. SMITH II | :   Court) |
| | : |
|     Appellant | :   **FINAL JUDGMENT ENTRY &** |
| | :   **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 16, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

WILLIAM C. SMITH II, Appellant, Pro Se
SARAH H. CHANEY, Attorney for Appellee

TUCKER, J.

{¶ 1} Defendant-Appellant William C. Smith II appeals pro se from a judgment of the trial court finding that he is required to enroll in the violent offender database following his conviction for kidnapping. For the reasons set forth below, we affirm.

## I. Factual and Procedural History

{¶ 2} In July 2024, Smith, following a guilty plea, was convicted of domestic violence, felonious assault, and kidnapping. The trial court sentenced him to an aggregate prison term of 10 to 15 years. Smith was required to enroll in the violent offender database for a term of 10 years. Smith appealed, arguing that "his guilty plea to domestic violence should be vacated because the plea form he reviewed and signed before entering his plea did not set forth the correct term of post-release control for that offense." *State v. Smith*, 2025-Ohio-990, ¶ 1 (2d Dist.) ("*Smith I*"). He also claimed "that his status as a violent offender should be vacated because the trial court failed to give certain statutorily-required advisements that pertained to his duty to enroll in the violent offender database." *Id.* We overruled Smith's assignment of error regarding his guilty plea to domestic violence. *Id.* at ¶ 14, 15. However, we affirmed his assignment of error regarding the violent offender registration. *Id.* at ¶ 21, 22. We reversed and remanded the matter solely as to the violent offender registration and instructed the trial court "to provide Smith with: (1) the required notifications under R.C. 2903.42(A)(1)(a); (2) an opportunity to file a motion to rebut the presumption set forth in R.C. 2903.42(A)(1)(a); and (3) a new ruling on whether Smith is required to enroll in the

violent offender database." *Id.* at ¶ 23. Smith's judgment of conviction was otherwise affirmed.

**{¶ 3}** On remand, Smith filed a pro se motion seeking to withdraw his plea. Subsequently, counsel was appointed to represent him. Counsel filed a motion for relief from the duty to enroll in the violent offender database. Additionally, counsel filed a motion to withdraw from the original plea agreement and a document giving notice that Smith declined reinstatement of the original plea agreement following remand. Finally, counsel filed a motion to dismiss or, alternatively, to exclude evidence due to the State's alleged failure to provide discovery. The State filed a motion seeking to strike and overrule the motions.

**{¶ 4}** On April 25, 2025, the trial court addressed Smith via videoconference and issued the required violent offender database advisements. The prosecutor and Smith's attorney were present in the courtroom. On June 20, 2025, the court held a hearing on Smith's motion for relief from the requirement that he enroll in the database. Smith presented testimony from the complaining witness, who claimed that Smith did not harm her and that her injuries were the result of her own "clumsiness."

**{¶ 5}** After hearing Smith's evidence, the trial court found the testimony from the complaining witness lacked credibility. The court concluded that Smith had failed to sustain his burden of proof and found that he was required to enroll in the violent offender database. The trial court also overruled all of Smith's remaining motions.

**{¶ 6}** Smith, acting pro se, appeals.

## II.     Violent Offender Advisement

**{¶ 7}** Smith's first assignment of error states as follows:

VOD Advisements/Trial Court Error

3

{¶ 8} Smith asserts that on remand, the trial court did not give any of the required violent offender database advisements and that he was thereby "denied a meaningful chance to rebut classification." From this, he argues that the registration requirement and the entire sentence must be vacated.

{¶ 9} Ohio Senate Bill 231, known as Sierah's Law, was codified in 2019 by R.C. 2903.41 through R.C. 2903.44. The law creates a violent offender database for use by law enforcement. The statute creates the "legal presumption that offenders convicted of certain violent crimes must enroll in the database for a period of 10 years following their release from prison." *State v. Williams*, 2021-Ohio-1340, ¶ 128 (2d Dist.), citing R.C. 2903.41 through R.C. 2903.43. The law is remedial, rather than substantive, in nature because it does not increase the punishment for certain specified violent offenses, including, as relevant to Smith, kidnapping. *State v. Hubbard*, 2020-Ohio-856, ¶ 32 (12th Dist.); *accord State v. Hall*, 2021-Ohio-1894, ¶ 32 (2d Dist.), and *State v. Beard*, 2021-Ohio-2512, ¶ 42 (8th Dist.). Instead, a defendant's classification as a violent offender and enrollment into the violent offender database constitute collateral consequences of the offender's conviction rather than forms of punishment. *Id.*

{¶ 10} As we noted in *Smith I*, R.C. 2903.42(A)(1)(a) "'requires the trial court to inform the offender "*before sentencing*" of the presumption [of the offender's duty to enroll in the violent offender database], the right to file a motion to rebut the presumption, the procedure and criteria for rebutting the presumption, and the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcome.'" (Emphasis in original.) *Smith I*, 2025-Ohio-990, at ¶ 18 (2d Dist.), quoting *State v. Wright*, 2021-Ohio-4107, ¶ 33 (2d Dist.), quoting R.C. 2903.42(A)(1)(a). The failure to comply with these requirements will result in the reversal of a trial court's order to enroll in the violent offender database and a corresponding

4

order to provide, on remand, the appropriate advisements and the opportunity to file a motion to rebut the presumption for enrollment. *Smith I* at ¶ 19, 20.

{¶ 11} At the outset, we note that Smith claims he was denied the opportunity to "rebut classification." However, his classification as a violent offender is not at issue in this appeal. R.C. 2903.41(A) defines a violent offender to include anyone who has been convicted of kidnapping. Smith entered a guilty plea to the charge of kidnapping, was convicted, and was sentenced accordingly. The conviction was affirmed by *Smith I*, which did not purport to reverse his classification as a violent offender. Given this, the only issues are whether the trial court gave the proper advisements regarding Smith's presumed duty to enroll in the violent offender database and whether he was then given the opportunity to rebut the presumption.

{¶ 12} The transcript demonstrates that upon remand, the trial court addressed Smith via videoconference and gave the proper advisements in open court. The trial court permitted Smith to file a motion to rebut the presumption, conducted a hearing on the motion, and thereafter issued a ruling. Any claim that the trial court failed to comply with our instructions on remand is factually incorrect.

{¶ 13} Smith alternatively claims that even if the trial court gave the proper advisements, he was unable to hear them because the audio transmission cut in and out. But the transcript belies this claim. It is clear from the transcript that Smith wanted to discuss the validity of his plea rather than to allow the trial court to give the violent offender advisements. He was argumentative and continuously interrupted the trial court. Based upon our review of the transcript, Smith's claim that he did not hear the enrollment advisements is factually incorrect.

5

{¶ 14} Importantly, Smith followed the advisements by filing a motion seeking to rebut the enrollment presumption.[1] Thereafter, an evidentiary hearing was conducted at which time Smith presented the testimony of the complaining witness. The witness testified that she, not Smith, was responsible for the injuries she sustained. Further, she denied that Smith held her against her will.

{¶ 15} After the hearing, the trial court found that the testimony of the complaining witness lacked credibility and determined that Smith failed to demonstrate, by a preponderance of the evidence, that he was not the principal offender.

{¶ 16} The mere fact that the trial court found Smith's evidence lacked credibility does not suggest that he was denied a meaningful opportunity to present rebuttal evidence. The credibility of the witnesses and the weight to be given their testimony "are primarily for the trier of the facts" to resolve. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. From our review of the hearing transcript, we find no fault in the trial court's determination regarding witness credibility. No other evidence was submitted to rebut the enrollment classification. Smith's evidence failed to satisfy the preponderance of the evidence standard, and the trial court did not err in requiring him to register with the violent offender database.

{¶ 17} Accordingly, the first assignment of error is overruled.

### III.    Plea

{¶ 18} Smith's second and third assignments of error state, respectively:

Crim.R. 11 Violation/Trial Court Error

Breach of Plea agreement/Trial Court Error

---

1. To rebut the presumption, Smith was required to prove, by a preponderance of the evidence, that he was not the principal offender in the commission of the offense that classified him as a violent offender. R.C. 2903.42(A)(4).

6

**{¶ 19}** In these assignments of error, Smith asserts his plea must be vacated because the trial court failed to comply with Crim.R. 11 and also because the trial court violated the parties' plea agreement.

**{¶ 20}** We have consistently held that "once this court has affirmed a defendant's conviction, 'the lower court no longer has jurisdiction to reconsider matters dealing with that conviction, such as whether the plea should be vacated.'" *State v. Ramey*, 2019-Ohio-398, ¶ 15 (2d Dist.), quoting *State v. Becraft*, 2017-Ohio-1464, ¶ 51 (2d Dist.), quoting *State v. Smith*, 2015-Ohio-4809, ¶ 5 (7th Dist.). *See also State v. Patterson*, 2018-Ohio-872, ¶ 11 (2d Dist.) ("the trial court found correctly that it lacked jurisdiction to entertain [defendant's post-appeal motion to withdraw guilty pleas], given that this court has already affirmed [defendant]'s convictions"), and *State v. Byrd*, 2013-Ohio-3751, ¶ 11 (2d Dist.) (where defendant sought to withdraw guilty plea based on alleged ineffective assistance of counsel, "the trial court lacked jurisdiction to consider appellant's motion to withdraw his guilty plea, which was filed . . . approximately three and one-half years after we affirmed his conviction and sentence").

**{¶ 21}** In this case, we affirmed Smith's conviction in all respects except for the issue of whether he should be required to enroll in the violent offender database. Given this, the trial court had no jurisdiction to entertain Smith's motions seeking to vacate his guilty plea.

**{¶ 22}** Accordingly, the second and third assignments of error are overruled.

### IV.    Cumulative Error

**{¶ 23}** Smith asserts the following as his fourth assignment of error:

Cumulative Error

**{¶ 24}** Smith contends he was deprived of fair proceedings under the cumulative error doctrine.

7

{¶ 25} Under this doctrine, "[s]eparately harmless errors may violate a defendant's right to a fair trial when the errors are considered together. . . . In order to find cumulative error, we first must find that multiple errors were committed at trial." *State v. Harris,* 2004-Ohio-3570, ¶ 40 (2d Dist.). "A conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal." *State v. Powell*, 2012-Ohio-2577, ¶ 223, citing *State v. DeMarco*, 31 Ohio St.3d 191 (1987), paragraph two of the syllabus.

{¶ 26} Here, assuming the cumulative error doctrine is applicable to a non-trial situation, we have found no error, let alone cumulative error, that would have acted to deprive Smith of his constitutional rights. Accordingly, the fourth assignment of error is overruled.

**V.     Scope of Remand**

{¶ 27} In reply to the State, Smith attempts to bring an additional assignment of error: Lack of Jurisdiction on Remand

{¶ 28} Smith notes that the remand to the trial court was for the "limited purpose of providing written VOD notification." He claims "[t]he trial court exceeded that scope by effectively resentencing [him]."

{¶ 29} Initially, we note that this argument was not raised in Smith's initial appellate brief. "Appellate courts will not consider a new issue presented for the first time in a reply brief." *State v. Konicki*, 2025-Ohio-296, ¶ 14 (2d Dist.), quoting *State v. Spaulding*, 2016-Ohio-8126, ¶ 179, citing *State v. Quarterman*, 2014-Ohio-4034, ¶ 18. "Reply briefs are to be used only to rebut arguments raised in the appellee's brief, not to raise new assignments of error and effectively deny the appellee an opportunity to respond to an assignment of error."

8

*Konicki* at ¶ 14, citing App.R. 16(C). Even were we to consider this argument, the record does not support Smith's claim that on remand, the trial court resentenced him.

**{¶ 30}** Smith's additional assignment of error is not well-taken and is accordingly overruled.

### VI.  Conclusion

**{¶ 31}** Having overruled all of Smith's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.